January 20, 1939


Honorable Bert Ford
Administrator
Texas Liquor Control Board
Austin, Texas

Opinion No. 0-117
Re: Effect of Conviction for Evasion
of the Federal Government Whiskey
Tax.

Dear Mr. Ford:

Your request for an opinion as to the effect of a conviction for having
defrauded the United States Government of the tax on whiskey and having been
sentenced for six months to the United States Detention Farm, such felony to
fall within the provision of Section 5, Sub-Section 1 of Article II of the
Texas Liquor Control Act has been referred to me.

Culberson R. Sanford, alias Buck Sanford was convicted in Cause No. 11720
Criminal Docket in the United States District Court, Western District of Texas,
San Antonio Division and sentenced for a period of six months in the United
States Detention Farm and fined the sum of $100.00 for the offense of having on
or about the 30th day of June, A.D., 1938 in the County of Bexar, State of Texas,
Western District of Texas and San Antonio Division thereof, and within the
jurisdiction of this Court, unlawfully, knowingly, and willfully concealing cer-
tain goods and commodities, to-wit: four and one-half gallons of whiskey, for
and in respect whereof a tax is imposed by the laws of the United States, with
the intent to defraud the United States of the tax imposed on such goods and
commodities; and of the offense of having, on or about the date and within the
venue and jurisdiction aforesaid, unlawfully having in his possession four and
one-half gallons of whiskey the immediate container thereof not having affixed
thereto a stamp denoting the quantity of distilled spirits contained therein
and evidencing payment of all internal revenue taxes imposed on such spirits.

The above charged offenses are covered by Title 26, Sections 1441 and 1152
of U.S. C. A., 1441 reading as follows:

"Every person who removes, deposits, or conceals, or is concerned in removing, depositing, or concealing any goods or commodities for or in respect whereof any tax is imposed, with intent to defraud the United States of such tax or any part thereof shall be liable to a fine of not more than $5000.00 or be imprisoned for not more then three years or both."

Any person who violates any provision of Title 26, Section 1152, 1152-A pertaining to stamps on spirits in particular, and the punishment is stated in 1152-C as follows:

"Shall on conviction be punished by a fine not exceeding $1000.00 or by imprisonment at hard labor not exceeding five years, or by both."

You are advised that the violation of either of the two above enumerated statutes would constitute a felony and would come within the meaning of Section 5, Sub-section 1 of Article II of the Texas Liquor Control Act which reads in part as follows:

". . .That he has not been convicted of a felony within two years immediately preceding the filing of such petition."

The Court of this state in the case of Edwards Vs. State, 117 S.W. 2nd, 711 has so held that a violation of this act would constitute a felony.

I am of the opinion that Culberson R. Sanford, alias Buck Sanford has misrepresented the facts in answering in the negative in his application to the Texas Liquor Control Board the question of not having been convicted of a felony.

Yours respectfully,

Attorney General of Texas

By *W. P. Witts*

Assistant

WPW:mp

APPROVED:

ATTORNEY GENERAL OF TEXAS